IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | Case No. 3:91-cr-120-SI |
| v. | **OPINION AND ORDER** |
| **JOHN MAURITZ HUMMASTI**, | |
| Defendant. | |

Kelly Zusman, Criminal Chief, District of Oregon, and Amy E. Potter, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE FOR THE DISTRICT OF OREGON, 405 E. 8th Avenue, Eugene, OR 97401. Of Attorneys for the United States of America.

John Mauritz Hummasti, 2704 SE 136th Ave., Portland, Oregon 97236. Of Attorney for Defendant-Petitioner, *pro se*.

**Michael H. Simon, District Judge.**

On July 21, 2021, Defendant John Mauritz Hummasti (Hummasti) filed a Petition for Writ of Error *Coram Nobis* (Petition). ECF 236. She[1] requests that the Court vacate her 1991 judgment and conviction for attempted armed robbery. For the reasons that follow, the Court DENIES Hummasti's Petition.

---

[1] The Court uses female pronouns for Hummasti because those are the pronouns that she uses in her filings with the Court.

**STANDARDS**

The writ of error *coram nobis* is "an extraordinary remedy that should be granted only under circumstances compelling such action to achieve justice." *United States v. Riedl*, 496 F.3d 1003, 1005 (9th Cir. 2007). To establish entitlement to a writ of error *coram nobis*, a petitioner must show: "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character." *Id.*, at 1006 (quoting *Hirabayashi v. United States*, 828 F.2d 591 (9th Cir. 1987)). "Because these requirements are conjunctive, failure to meet any one of them is fatal." *Matus-Leva v. United States*, 287 F.3d 758, 760 (2002).

Unlike 28 U.S.C. § 2255, which applies only when convicted defendants are in "custody," a writ of error *coram nobis* allows a defendant to attack a conviction when the defendant has completed a sentence and is no longer in custody. *See United States v. Crowell*, 374 F.3d 790, 794 (9th Cir. 2004); *Est. of McKinney v. United States*, 71 F.3d 779, 781 (9th Cir. 1995). "Specifically, the writ provides a remedy for those suffering from the lingering collateral consequences of an unconstitutional or unlawful conviction based on errors of fact and egregious legal errors." *McKinney*, 71 F.3d at 781 (simplified). When an error is of the most fundamental character, such that the proceeding itself is rendered invalid, the writ of *coram nobis* permits a court to vacate its judgment. *Id.* (quotation marks omitted).

Additionally, common law writs, such as *coram nobis* and *audita querela*, may be used only when they fill a "gap" in the statutory system of postconviction relief. *United States v. Valdez-Pacheco*, 237 F.3d 1077, 1079-80 (9th Cir. 2001). "A prisoner may not circumvent valid

congressional limitations on collateral attacks by asserting that those very limitations create a gap in the postconviction remedies that must be filled by the common law writs." *Id.* at 1080.[2]

## BACKGROUND

As explained by the Ninth Circuit:

> On October 31, 1990, Hummasti and a friend stole a car and drove to Portland, Oregon to rob a bank. Hummasti entered the U.S. National Bank and handed the teller a note which read, "This is a robbery, give me your money." The frightened teller told Hummasti that her money was at the drive-in window, and asked Hummasti what [s]he wanted her to do. Hummasti demanded money three or four more times. The teller was hesitant to move because she thought Hummasti might have a gun. After [her] fourth unsuccessful demand for money, Hummasti ran out of the bank.

*United States v. Hummasti*, 986 F.2d 337, 338 (9th Cir. 1993). Hummasti had two prior convictions for armed robbery. *Id.* at 339.

On March 18, 1991, the Government filed a criminal complaint against two defendants, John Paul Johnson and John M. Hummasti, alleging attempted bank robbery on October 31, 1990. ECF 1. On April 10, 1991, a grand jury indicted only Hummasti for that offense. ECF 6. Hummasti elected to represent herself. ECF 19.

On June 6, 1991, a jury convicted Hummasti of attempted bank robbery. ECF 53. On several occasions before trial, Hummasti sought to subpoena "John Paul Johnson." ECF 24, ECF 35, ECF 39, ECF 45. On July 18, 1991, more than a month after the trial had concluded, the Government moved to dismiss the original criminal complaint against John Paul Johnson. ECF 92. The Court's docket entry noted that John Paul Johnson "was not named in the case other

---

[2] Indeed, Hummasti's previous attempt to challenge her conviction with a writ of *coram nobis* was rejected because she had "already attacked [her] conviction pursuant to a § 2255 motion" and she "'may not resort to coram nobis merely because [s]he has failed to meet the AEDPA's gatekeeping requirements.'" *United States v. Hummasti*, 58 F. App'x 731, 732 (9th Cir. 2003) (quoting *Matus-Leva*, 287 F.3d at 761).

than as an aka for original [defendant]." *Id*. On July 22, 1991, the Court granted the Government's motion to dismiss the complaint against John Paul Johnson. ECF 93. The docket entry noted that John Paul Johnson was not named in the indictment. *Id.*

Hummasti was convicted after a jury trial and sentenced to 240 months' imprisonment. ECF 123. Since then, she has filed dozens of challenges to her conviction, all of which have been rejected. *See, e.g.*, ECF 166; ECF 167; *United States v. Hummasti*, 3:91-cr-120, 1995 U.S. Dist. LEXIS 3692 (D. Or. Mar. 15, 1995); ECF 205; ECF 210; ECF 213; ECF 227; ECF 236.

In the Petition pending before the Court, Hummasti asserts that John Paul Johnson was Hummasti's "co-defendant." Hummasti states that, at trial, she asked an agent of the Federal Bureau of Investigation (FBI) about statements recorded in his notes and the agent stated that the notation contained a "typo error." Hummasti contends that the statements were attributed to Hummasti but were, in fact, statements made by John Paul Johnson, and the agent knew that fact and perjured himself on the stand. Hummasti adds that the agent's trial testimony (that the statements were made by Hummasti, rather than by Johnson) conflicts with the July 1991 docket entries stating that the name "John Paul Johnson" was an alias of Hummasti. Further, Hummasti argues that this information would have undermined the credibility of the FBI agent and possibly led to a different outcome at trial if Hummasti could have confronted the agent about it at the time of trial. Thus, Hummasti seeks the extraordinary relief of the writ of error *coram nobis*.

## DISCUSSION

Hummasti argues that "it was fundamentally unfair for the AUSA to fail to disclose to Petitioner, who was proceeding Pro Se, that they intended to Dismiss the charges against Co-Defendant with the post trial EXPOSED fact that, '*this defendant was only named as an AKA for the original defendant*' (emphasis in original)." She contends that had the AUSA disclosed that fact at trial, it would have changed the outcome of her "Co-Defendant's disposition,

PAGE 4 – OPINION AND ORDER

demeanor, and testimony." Hummasti also highlights that she has been diagnosed with various mental and physical problems, many of which she attributes to her time in prison.

The government concedes that the first and third elements for obtaining a writ of *coram nobis* weigh in Hummasti's favor because she is out of custody and the time for appeal has lapsed and the Ninth Circuit liberally views the ongoing collateral effects of a felony conviction. *See United States v. Kwan*, 407 F.3d 1005, 1012 (9th Cir. 2005) (available remedies); *United States v. Walgren*, 885 F.2d 1417, 1421-22 (9th Cir. 1989) (effects of conviction). The United States argues, however, that Hummasti fails to show the second and fourth elements, either of which is fatal to her motion.

Hummasti does not meet the second element because she does not allege any reason or explanation for why she could not have raised this challenge sooner. She asserts that she examined the FBI agent during the June 1991 trial. The purportedly "new" evidence supporting Hummasti's challenge is the motion filed by the government to dismiss "John Paul Johnson" and the court order granting that motion. Both of these events, however, occurred in July 1991. Hummasti does not contend that she did not get a copy of these documents promptly upon their filing. Nor does she explain how she could not reasonably have discovered these publicly filed documents or even only the docket entries (on which she mostly relies) earlier than 21 years after they were filed. The timing is particularly troublesome because Hummasti already filed a direct appeal and several other collateral challenges and had access to the record and docket during all of those times. *See, e.g.*, *United States v. McNeil*, 812 F. App'x 515, 516 (9th Cir. 2020), *cert. denied*, 209 L. Ed. 2d 552 (Apr. 19, 2021) ("Because nothing prevented McNeil from identifying and challenging the alleged legal error either on direct appeal or via habeas petition, he fails to demonstrate why his arguments could not have been raised earlier."). This matter is unlike any of

the cases concluding that the writ was available when exculpatory evidence was *concealed* and *unavailable* during the time of appeal and collateral relief, *see Hirabayashi*, 828 F.2d at 593-94, 601, or when a complete legal defense was unavailable during the relevant time, *see Navarro v. United States*, 449 F.2d 113, 114 (9th Cir. 1971).

Additionally, the government provides a declaration filed by Hummasti on August 11, 2014 in another case in this district, which appears to originally have been filed in a different case in Multnomah County Circuit Court on December 9, 2013. ECF 244-1 (*Johnson v. Elton*, Case No. 3:13-cv-2144-ST, ECF No. 47-1, Declaration of Michelle Johnson[3] dated December 9, 2013). This declaration describes Hummasti's understanding of the same underlying facts that support Hummasti's Petition here—that Hummasti cross-examined the FBI agent about the purported "typo-error" and that "Johnson's conviction cannot stand as constitutional because the Docket Notes directly contradict the FBI Agents trial testimony and deprived Johnson of a fair trial." ECF 244-1 at 51. Thus, at a minimum, Hummasti knew about the underlying facts by December 9, 2013, yet has provided no explanation for delaying more than seven years to file her Petition. *See United States v. Yuly Kroytor*, 977 F.3d 957, 963 (9th Cir. 2020) (concluding that an unjustified two-year delay precluded relief under *coram nobis*).

Further, Hummasti has not shown that her conviction was based on an error "of the most fundamental character." *Riedl*, 496 F.3d at 1006. To prevail on this factor, Hummasti needs to show that the jury verdict was essentially rendered invalid because of the alleged error.

---

[3] The government has sufficiently shown that Michelle Johnson is an alias for Hummassti, including that Michelle Johnson's brief attaching her Declaration refers to Johnson as "Johnson-Hummasti" and that her Declaration describes the events underlying this Petition as having happened to Michelle Johnson. *See also Johnson v. Elton*, No. 3:13-cv-2144-ST, 2015 WL 464900, at *3 (D. Or. Feb. 4, 2015) ("The State of Oregon's Offender Search database indicates that Howard Martin Johnson, who is currently on probation, uses a number of aliases, including the names 'Michelle Johnson' and 'John Mauritz Hummasti.'").

*Hirabayashi*, 828 F.2d at 604. Hummasti has not specified the content of the purported statements the FBI agent described at trial that purportedly were erroneously attributed to Hummasti. Thus, it is not clear whether those statements were material or could have played a significant role in the jury's consideration of Hummasti's guilt. In other words, she has not specifically identified any testimony by the FBI agent at trial that Hummasti alleges was perjurious that she believes the jury relied on in reaching its verdict. Additionally, it does not appear disputed that she was the only one of the two co-defendants to enter the bank, and that the bank teller testified regarding Hummasti's identity and her actions. The jury could have relied on that testimony. At most, Hummasti asserts that "theoretically" there could have been a different result. A mere theoretical speculation, however, cannot lead the Court to conclude that the testimony of the FBI agent created a fundamental error. *See, e.g.*, *United States v. Goldberg*, 776 F. Supp. 513, 518 (C.D. Cal. 1991), *aff'd sub nom, United States v. Lothian*, 977 F.2d 593 (9th Cir. 1992) ("As for the fourth element, Lothian has not shown that Pederson's purported perjury created an error 'of the most fundamental character.' . . . The record demonstrates, however, that Lothian's conviction did not turn on Pederson's testimony or the jury's belief in Pederson's veracity.").

Nor does Hummasti show that she was actually innocent of the underlying crime. *See United States v. Schwabland*, 2021 WL 2662327, at *2 (W.D. Wash. June 29, 2021) (finding that the petitioner's actual innocence "constitute[s] an error of a fundamental character"). Indeed, she does not specifically argue that she was innocent of attempted bank robbery, and in her December 2013 declaration, she admits that she went to the bank to rob it.[4] *See* ECF 247-1 at 50 (stating that she and John Paul Johnson were going to "use a van John Paul Johnson's brother

---

[4] The Court also notes that in Hummasti's original appeal, the Ninth Circuit stated, "Hummasti argues that because [s]he conceded that [s]he attempted to rob the bank, [s]he was entitled to a reduction in [her] offense level for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1." *Hummasti*, 986 F.2d at 339.

owned to do a non-violent 'bank robbery.' The van broke down so she and John Paul Johnson went to Portland, Oregon in a car John Paul Johnson stole in Astoria, Oregon to do a bank robbery."). Because Hummasti fails to meet her burden to show the second and fourth elements, she fails to warrant the extraordinary relief of a writ of error *coram nobis*.

## CONCLUSION

The Court DENIES Hummasti's Petition for Writ of Error *Coram Nobis*, ECF 236.

**IT IS SO ORDERED.**

DATED this 2nd day of November, 2021.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge